# IN THE COURT OF APPEALS OF IOWA

No. 25-0111
Filed December 3, 2025

IN RE THE MARRIAGE OF KANDICE LEA TOMLINSON
AND SCOTT ALLEN TOMLINSON

Upon the Petition of
KANDICE LEA TOMLINSON,
     Petitioner-Appellee,

And Concerning
SCOTT ALLEN TOMLINSON,
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Ida County, Patrick H. Tott, Judge.

Scott Tomlinson appeals the denial of his petition to vacate the decree dissolving his marriage. **AFFIRMED.**

Maura Sailer of Sailer Legal, PLLC, Denison, for appellant.

Ryan A. Mohr of Law Offices of Redenbaugh & Mohr, P.C., Storm Lake, for appellee.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

After Kandice Tomlinson filed for dissolution of marriage on January 12, 2023, she approached Scott Tomlinson with the necessary paperwork to conclude the proceedings, including waiving the ninety-day waiting period and waiving the requirement to file financial affidavits.[1]  Scott objected, yet he ended up signing the stipulation and the waivers.  At the time, Scott was in jail awaiting resolution of charges for continuous sexual abuse of a child.  The decree was entered on February 2, 2023.  In June 2024, Scott petitioned to vacate the decree, alleging that it was procured by "fraud, duress and coercion."  After a two-day trial in May and then July 2024, the district court dismissed the petition.  Scott appeals.

On appeal Scott asserts that his case is no different than what occurred in *In re Marriage of Stanbrough*, where fraud was established and the decree was vacated.  No. 99-840, 2000 WL 1157844, at *4–5 (Iowa Ct. App. Aug. 16, 2000).  But, here, the district court disagreed, finding that:

> In the present case, Scott was certainly aware of the nature of all of the parties' assets, although he may not have been aware of the exact values or balances in certain accounts.  This was not a situation w[h]ere he was oblivious to the financial conditions of the family or the nature of the assets they owned or debts they had.  As he reflected in the evidence, Scott's reluctance initially and throughout the conversation with Kandice on January 31, 2023, focused on his refusal to pay her attorney fees.  Scott['s] own words just prior to his signing of the Stipulation indicate that he was aware of their financial situation as he himself stated "so, basically you get everything, and I just get fucked[."]  This is not a situation like in *Stanbrough* where the wife did not have information regarding the value of the husband's business, whether there were or were not tax benefits, etc.

---

[1] The parties were married on September 24, 2016.

On our de novo review,[2] we agree with the detailed ruling of the district court, and we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

**AFFIRMED.**

---

[2] "[A]n independent action in equity to modify a decree based on fraud is reviewed de novo." *In re Marriage of Hutchinson*, 974 N.W.2d 466, 474 (Iowa 2022); *See* Iowa R. App. P. 6.907. "In such cases, the court gives weight to the factual determinations made by the district court; however, their findings are not binding upon us." *Hutchinson*, 974 N.W.2d at 474 (cleaned up).